Ltxdeling, C. J.,
dissenting. Mrs. Josephine Lenes leased certain houses to the defendants; during the existence of the lease the plaintiff, a judgment creditor of the lessees, seized the contents of the houses — - whereupon the lessor, alleging that the property seized was not sufficient to satisfy her claim for the lease, enjoined the sheriff and plaintiff from taking said property and from selling it. She asserts her right of detention of the property under her right of pledge as lessor. It is contended that notwithstanding the lessor’s rights, the plaintiff may seize and sell the property, and that the lessor must assert his right against the proceeds.
If the lessor had only a privilege to secure his rents, the position would be correct. But the Code says: “The right which the lessor has over the product of the estate, and on the movables wlxich are found on the place leased, is of a higher nature than a mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It does not enable the creditor to take or keep the effects themselves. The lessor, on the contrary, may take the effects themselves, and detain them until he is paid.” 3218.
In Robb v. Wagner, 5 An. 111, it was decided that a lessor had “ a lien and right of detention upon the property on the premises for the security of his rent. The lien was his property, and as valuable to him as if he were the owner of the property itself; and no sheriff or marshal, under execution against a third person, had any right to take away the property before paying the landlord.” The same principle was recognized in Arick & Walsh v. Boisseau, 23 An. 605.
The case of Tanner v. Succession of Pearce is not in point. The organ of the court in that case'said : “The only question which this case presents for our solution is, whether the lessor or the overseer has the superior privilege on the crop of a plantation leased to the defendant.” And the court decided that the overseer’s privilege was superior. The court, it is true, said afterwards : “The right of detention, which is part of the lessor’s remedy, affords him, to be sure, much greater security; but, like the pledgee, and the creditor having only a privilege, he must have the thing subject to the lien sold in the manner *489 provided by law. When this takes place, if a conflict should arise in consequence of adverse claims on the same fund, a distribution must he made pursuant to that chapter of the Code which treats of the order in which privileged creditors are to be paid.” This is true as to the privilege of the lessor, but what becomes of the greater right given him by the article, the right “ to take the effects themselves and detain them until he is paidwhich the court says, in the case of Tanner v. Succession of Pearce, “ affords him, to be sure, much greater security V How does it afford him additional security if, to enforce payment of his debt, he must give up this right of detention, which is higher than a privilege, and only assert his privilege on the proceeds of the sale ? The language of the Code is plain, and I think the legislators meant what it declares. “The lessor, on the contrary, may take the effects themselves and detain them until he is paid.” Sie seripia est lex. I therefore dissent in this ca.se.
Mr. Justice Wyly concurs in this dissenting opinion.
Rehearing refused.